AP-76,883
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 3/11/2015 5:16:52 PM
Accepted 3/12/2015 8:56:18 AM
ABEL ACOSTA
CLERK

NO. AP-76,883

T.C. No. F11-33962-R

| | | |
|---|---|---|
| TYRONE CADE, | * | IN THE COURT |
| Appellant | * | OF CRIMINAL |
| VS. | * | APPEALS |
| STATE OF TEXAS, | * | IN |
| Appellee | * | AUSTIN, TEXAS |

APPELLANT'S MOTION FOR REHEARING

TO THE HONORABLE JUDGES OF SAID COURT:

COMES NOW, the Appellant in the above-styled and numbered cause, by and through his attorney of record, and moves this Court to reconsider its decision in this case pursuant to Tex. R. App. P. 79.1. In support of this motion, Appellant argues the following:

I.

In August 2012, a jury convicted Appellant of capital murder for stabbing his girlfriend and her teenage daughter to death during the same criminal transaction or pursuant to the same scheme or course of conduct. Tex. Penal Code § 19.03(a)(7). Pursuant to the jury's answers to the special

issues set forth in Tex. Code Crim. Proc. art. 37.071 §§2(b), (e)(1), the trial judge sentenced Appellant to death. Tex. Code Crim. Proc. art. 37.071 § 2(h). This Court affirmed this conviction and sentence in an unpublished opinion issued February 25, 2015.

## II.

## Ground for Rehearing

THE COURT ERRED IN FINDING THAT DR. VIGEN DID NOT BASE HIS OPINION ON INFORMATION SPECIFIC TO APPELLANT.

In Point of Error Number Eight, Appellant argued that the trial court erred in not allowing a defense expert, Dr. Mark Vigen, to testify that there was a high probability that prison could control Mr. Cade. This Court found no abuse of discretion in the trial court's decision to exclude this testimony, in part, because the Court did not believe that Dr. Vigen's opinion was based on any information specific to Appellant. This belief was wrong.

During the admissibility hearing, there appeared to be some confusion about the opinion that Dr. Vigen was offering. Initially, it seems that he was prepared to testify that TDCJ had good record for controlling inmates in general. (L. R.R. at 218). When the State asked for the basis of this opinion, Dr. Vigen did not mention any information that was specific to Appellant. (L R.R. at 219). However, toward the end of the hearing, the State specifically

asked Dr. Vigen if he was offering an opinion about TDCJ's ability to control Mr. Cade. Dr. Vigen said he could also offer that opinion. (L RR. at 234.). During the hearing, the State asked Dr. Vigen what information he had reviewed about Appellant. Dr. Vigen stated that he reviewed Mr. Cade's prison records and offense reports related to his prior prison stay. (L R.R. at 222). Additionally, he stated that he had been present in court when both Travis Turner and S.O. Woods had testified. Both of these witnesses were prison classification experts. Turner testified for the State, and Woods for the defense.(L R.R. at 223, 234). Although both the State and this Court assert that Travis Turner and S.O. Woods did not offer any testimony specific to Appellant, this assertion is incorrect.

Both Turner and Woods testified that they had reviewed Mr. Cade's disciplinary records from his prior prison stay. Travis Turner testified that Mr. Cade's prison records reflected that he had been transferred to a different unit because of a potential conflict with another inmate. (XLIX R.R. at 296). He also discussed a fight that Mr. Cade had with another inmate and the resulting injuries. (XLIX R.R. at 297). Similarly, Mr. Woods also testified that he had reviewed Mr. Cade's prison records and found only two incidents where he had been disciplined. (L R.R. at 150-51).

The State objected to Dr. Vigen's opinion about Mr. Cade because he had "reviewed very few things in this case". This objection was sustained. (L R.R. at 235). This Court found that ruling to be within the zone of reasonable disagreement, noting that the record did not support Appellant's assertion that Vigen based his opinion on any information specific to Appellant. Appellant would respectfully point out that the Court's reading of the record was not correct. Dr. Vigen had reviewed Mr. Cade's prison records and listened to testimony from two witnesses who both talked about Mr. Cade's prior behavior in prison. Certainly a person's prior behavior in prison is predictive of that person's future behavior in prison.

Appellant respectfully requests that this Court reexamine its holding on Appellant's Point of Error Number Eight. Given Dr. Vigen's review of Mr. Cade's prior prison records, and his extensive knowledge of TDCJ and psychology, he should have been allowed to testify that there was a high probability that prison could control Mr. Cade. This Court should find that excluding his testimony was an abuse of discretion. The erroneous exclusion of this constitutionally relevant mitigating evidence requires reversal of Mr. Cade's sentence of death. Tex. R. App. P. 44.2(a).

WHEREFORE, PREMISES CONSIDERED, the Appellant prays that this Honorable Court grant this Motion for Rehearing and reverse Appellant's case accordingly.

Respectfully submitted,


_____
Catherine Clare Bernhard
P. O. Box 2817
Red Oak, Texas 75154
972-617-5548
fax – 972-617-6055
cbernhard@sbcglobal.net
State Bar No. 02216575

ATTORNEY FOR APPELLANT

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion was served on Grace Shin, Assistant District Attorney, Dallas County District Attorney's Office, 133 N. Riverfront Blvd., LB 19, Dallas, Texas 75207, by service through the electronic filing system to grace.shin@dallascounty.org on March 11, 2015.

_____
Attorney for Appellant

## CERTIFICATE OF COMPLIANCE WITH RULE 9.4

I hereby certify that the forgoing motion contains 899 words.

_____
Attorney for Appellant